**No. 25-2372**

## IN THE UNITED COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**HAITIAN EVANGELICAL CLERGY ASSOCIATION, *ET AL.*,**
*Appellees,*

*v.*

**DONALD J. TRUMP, *ET AL.*,**
*Appellants.*

On Appeal from the U.S. District Court for the Eastern District of New York
No. 1:25-cv-1464 (Cogan, J.)

## APPELLEES' OPPOSITION TO
## APPELLANTS' MOTION TO STAY

Jed W. Glickstein
Kaplan & Grady LLC
2071 N. Southport Ave., Suite 205
Chicago, Illinois 60614
(312) 852-2184
jglickstein@kaplangrady.com

Geoffrey M. Pipoly
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601
(312) 602-5000
geoff.pipoly@bclplaw.com

Andrew E. Tauber
Bryan Cave Leighton Paisner LLP
1155 F Street N.W., Suite 700
Washington, DC 85004-4406
(202) 508-6111
andrew.tauber@bclplaw.com

Jean-Claude André
Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
(310) 576-2100
jc.andre@bclplaw.com

*Attorneys for Appellees*
*(additional counsel listed inside)*

i

Ira J. Kurzban
Kurzban, Kurzban, Tetzeli & Pratt, P.A.
131 Madeira Ave.
Coral Gables, FL 33134
(305) 444-0060
ira@kktplaw.com

Sejal Zota
Just Futures Law
1629 K Street N.W., Suite 300
Washington, DC 20006
(617) 812-2822
sejal@justfutureslaw.org

Raymond Audain
Giskan Solotaroff & Anderson LLP
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
(646) 290-6249
raudain@gslawny.com

ii

The Government moves to stay this appeal during the pendency of *Noem v. Dahlia Doe*, No. 25-1083 (U.S.), and *Trump v. Miot*, No. 25-1084 (U.S.). But those cases and this one are meaningfully different. *Doe* and *Miot* challenge terminations purportedly sanctioned by 8 U.S.C. § 1254(b)(3). This case, by contrast, arises out of a distinct and prior decision—to "partially vacate" an unexpired TPS designation—that the government has conceded is not authorized by § 1254(b)(3).

The Government's sole basis for requesting a stay is that it argued in all three cases that 8 U.S.C. § 1254a(b)(5)(A) precludes judicial review of the administrative action in question. Accordingly, the Government asserts, the Supreme Court's forthcoming decisions in *Doe* and *Miot* "may resolve or significantly affect the proper disposition of this case." Mot. 3. The Government is wrong on both counts.

First, although the Government raised § 1254a(b)(5)(A) as a threshold defense in both *Doe* and *Miot*, the Supreme Court is likely to reject—as have a host of lower courts[1]—the Government's ultra-aggressive reading of that provision. In its order granting certiorari in *Doe* and *Miot* and deferring the Government's request for a stay, moreover, the Supreme Court said nothing to suggest that it believed the

---

[1] *See, e.g., Nat'l TPS All. v. Noem*, 166 F.4th 739, 757 (9th Cir. 2026); *Afr. Communities Together v. Noem*, 2026 WL 395732, at *7 (D. Mass. Feb. 12, 2026); *Doe v. Noem*, 2026 WL 184544, at *8 (N.D. Ill. Jan. 23, 2026); *Saget v. Trump*, 375 F. Supp. 3d 280, 330–33 (E.D.N.Y. 2019); *CASA de Maryland, Inc. v. Trump*, 355 F. Supp. 3d 307, 320–22 (D. Md. 2018).

1

Government's § 1254a(b)(5)(A) argument (as opposed to its other arguments) to be especially cert-worthy. *See* 2026 WL 731088, at *1 (U.S. Mar. 16, 2026). And the Court certainly did not suggest that it agreed with the Government that judicial review was unavailable. To the contrary, the Court chose not to stay the district court rulings in *Doe* and *Miot* despite the government's jurisdictional argument.

Second, even if the Supreme Court were to hold that § 1254a(b)(5)(A) bars some or all of the claims asserted in *Doe* or *Miot*, that would not "resolve" (Mot. 3) whether § 1254a(b)(5)(A)'s also bars the distinct—and dissimilar—claim asserted in this case. This case involves a "partial vacatur" and the Secretary has admitted that § 1254a(b)(3) does not authorize partial vacaturs. In *Doe* and *Miot*, by contrast, the Secretary claims that her actions were authorized by § 1254a(b)(3). Thus, contrary to the government's suggestion, the Court will have no occasion in *Doe* and *Miot* to consider, let alone decide, whether § 1254a(b)(5)(A) bars judicial review in circumstances presented here.[2]

---

[2] Last year, the Government conceded in a different partial vacatur case that § 1254a(b)(5)(A) does not prevent a court from assessing the TPS statute to determine whether the Secretary had "implicit authority" to partially vacate a determination. *See* D. Ct. ECF No. 25-1 (quoting Hrg. Tr. 50:4–15, *Nat'l TPS Alliance v. Noem*, No. 3:25-cv-01766 (N.D. Cal. Mar. 24, 2025). Similarly, even those courts that have provisionally determined that § 1254a(b)(5)(A) might bar judicial review in cases where the Secretary purported to follow statutory procedures have distinguished those cases from vacatur cases like those here. *See Nat'l TPS Alliance v. Noem*, No. 26-199 (9th Cir.), Dkt. 11, Order on Mot. to Stay (distinguishing earlier decision on § 1254a(b)(5)(A) because "that case involved the

Separately, the Government is wrong that a stay pending the outcome of proceedings in *Doe* and *Miot* "would conserve judicial resources, as well as the resources of the parties." Mot. 3. Even under the Government's view of the importance of the pending Supreme Court cases, the impact on judicial and party resources in this case is basically nil. Under the current schedule, the Government's brief is due March 30, 2026. Local Rule 31.2 provides that the Appellee's Brief shall be filed 30 to 91 days later and the government's reply 21 days after that. As the Government notes, a decision from the Supreme Court can be expected by or before the end of this Term, which is about 90 days away. It is perfectly possible to brief this case in the ordinary course, and to address the impact (if any) of the Supreme Court's forthcoming decisions through ordinary or supplemental briefing as needed, comfortably in advance of oral argument or a final decision.

Lastly, the Government did not inform Plaintiffs' counsel that it would be making an alternative request for an extension of time to file its opening brief. Plaintiffs note that there has been a pattern of delay in this case, described at length in the Opposition to Appellant's Motion for Vacatur and Dismissal (ECF No. 29 at 4-8). As relevant here, the Government filed its notice of appeal on September 26, 2025, almost 180 days ago, and originally requested to file its opening brief on

---

*vacatur* of a TPS designation, an action that we held was in excess of the Secretary's statutory authority" whereas the instant one "involves a *termination* of TPS, an action expressly authorized by statute") (emphasis in original).

February 12, 2026. ECF No. 1; ECF No. 10. Notwithstanding the Government's failure to ask Plaintiff's position on a one-week extension, Plaintiffs do not object to the Government filing its opening brief within a week of the date the Motion is denied. However, Plaintiffs submit that the need to keep this case moving towards prompt resolution provides an additional reason to deny the Motion to Stay.

## CONCLUSION

The Court should deny the motion to stay.

March 25, 2026

Respectfully submitted,
/s/ *Andrew E. Tauber*

Jed W. Glickstein
Kaplan & Grady LLC
2071 N. Southport Ave., Suite 205
Chicago, Illinois 60614
(312) 852-2184
jglickstein@kaplangrady.com

Andrew E. Tauber
Bryan Cave Leighton Paisner LLP
1155 F Street N.W., Suite 700
Washington, DC 85004-4406
(202) 508-6111
andrew.tauber@bclplaw.com

Geoffrey M. Pipoly
Bryan Cave Leighton Paisner, LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601
(312) 602-5000
geoff.pipoly@bclplaw.com

Jean-Claude André
Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
(310) 576-2100
jc.andre@bclplaw.com

Ira J. Kurzban
Kurzban, Kurzban, Tetzeli & Pratt, P.A.
131 Madeira Ave.
Coral Gables, FL 33134
(305) 444-0060
ira@kktplaw.com

Sejal Zota
Just Futures Law
1629 K Street N.W., Suite 300
Washington, DC 20006
(617) 812-2822
sejal@justfutureslaw.org

4

Raymond Audain
Giskan Solotaroff & Anderson LLP
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
(646) 290-6249
raudain@gslawny.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(1), I certify that the text of this opposition is in double-spaced, proportionally spaced 14-point Times New Roman font, and that the opposition contains 931 words in compliance with Federal Rule of Appellate Procedure 27(d)(2)(A).

Dated: March 25, 2026                              /s/ *Andrew E. Tauber*

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, counsel for Appellees filed the foregoing with the Clerk of the United States Court of Appeals for the Second Circuit using the ECF system and that service will be accomplished via the ECF system.

Dated: March 25, 2026 /s/ *Andrew E. Tauber*

7